UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
MILAGROS FONSECA SOLA

DEBTOR (S)

CASE NO. 11-07162-BKT

CHAPTER 13

# AMENDED TRUSTEE'S UNFAVORABLE REPORT
# ON PROPOSED POST CONFIRMATION PLAN MODIFICATION

TO THE HONORABLE COURT: NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1329**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Above Median / 60 months commitment period.**   Gen Unsecured Pool: **$0.00**

The **LIQUIDATION VALUE** of the estate has been determined in **$0 R2016 STM**. **$3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,904.00    Fees paid: $2,904.00    Fees Outstanding: $0.00**

With respect to the proposed (amended) Plan dated: **4/14/2015** (Dkt 82). Plan Base: $**17,520.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

- Feasibility [§1325(a)(6)]- In order to Trustee properly evaluate the proposed plan Debtor(s) must submit evidence of current Pension income. This information is necessary to verify debtor's capacity to make plan payment.
- Feasibility [§1325(a)(6)]: Default in payments to Trustee.- As of this date, arrears under proposed plan total the amount of $280.00 (1 month). Next payment is due in May 25, 2015. Debtors must show by definite and credible evidence that they can comply with payments as proposed.
- Feasibility [§1325(a)(6)]: There is/are no allowed claim(s) for creditor(s) dealt in the plan [FRBP RULE 3021]- POPULAR AUTO, creditor provided for in the plan, is yet to file its proof of claim for post-petition arrears. Said creditor will not participate from the disbursements regarding said arrears until it files its claim. The sufficiency of the plan depends of the outcome of said claim. Still pending Motion to Dismiss filed by Popular Auto dkt.82.
- Unreasonable Expenses; Unwarranted payroll Deductions; Fails to use Income Tax refunds and Others. [§1322(a)(1)] - Debtor(s) submitted evidence of Tax Return filing for the year 2012 and 2013. The Debtor(s) received a total amount of $1,525.00 as Tax Refunds (2012 $212.00 and 2013 $1,313.00). Debtor has failed to use the 2013 Income Tax Refund to fund the plan. Debtor(s) s' tax refunds are generally considered projected disposable income that should fund the plan. See In re Michaud, 399 B.R. 365, 372-73. Debtor must bring to fund the plan the tax refund 2014 $1,095.00 as soon as received.<br />
    Trustee objects the additional compensation for legal fees requested by debtor' (s") counsel.- // Trustee hereby objects additional attorney's fees for $350.00 until above matters are solve .<br />
- Other/Comments- // The Trustee files this report in compliance with Court Order entered on Docket no. 92 and hereby requests that the same be deemed as complied.<br />

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system.

In San Juan, Puerto Rico this May 22, 2015.

/s/ Jose R. Carrion

Jose R. Carrion -Chapter 13 Trustee
PO Box 9023884, San Juan PR 00902
Tel. 787-977-3535 Fax 787-977-3550

MC LD93 LC7